UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUDY RUTZEN-PAGNI et al.,

                Plaintiffs,

       v.

FREEDOM MORTGAGE
CORPORATION et al.,

                Defendants.

CASE NO. 3:25-cv-05981-LK

ORDER GRANTING STIPULATED
MOTION TO STAY

       This matter comes before the Court on the parties' stipulated motion to stay this case. Dkt. No. 23. The parties request that this Court "stay this matter and continue all deadlines for the purpose [of] allowing . . . the parties to conduct alternative dispute resolution of this matter." *Id.* at 1.

       The parties have scheduled a mediation for March 6, 2026. *Id.* at 2. They state that "[t]o allow for resolution of that mediation, the Parties stipulate and request that the Court stay all deadlines in this matter until April 13, 2026." *Id.* They propose to file a joint status report no later than April 19, 2026. *Id.*

ORDER GRANTING STIPULATED MOTION TO STAY - 1

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, it does not appear that any damage, hardship, or inequity will result from the requested stay or that any questions of law will arise as a result. In addition, granting a stay will promote the orderly course of justice and preserve the parties' and the Court's resources.

For the foregoing reasons, the Court GRANTS the parties' stipulated motion to stay this case, Dkt. No. 23, STAYS this case until April 13, 2026, VACATES all deadlines, and ORDERS the parties to submit a joint status report on or before April 19, 2026 apprising the Court of the status of the matter and, if the matter is not resolved, proposing a revised case schedule that is consistent with the Court's case scheduling template in its Standing Order for All Civil Cases, Dkt. No. 10-1 at 2.

Dated this 19th day of February, 2026.

Lauren King
United States District Judge

ORDER GRANTING STIPULATED MOTION TO STAY - 2