UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUDY RUTZEN-PAGNI et al.,<br><br>Plaintiff,<br>v.<br><br>FREEDOM MORTGAGE CORPORATION et al.,<br><br>Defendants. | CASE NO. 3:25-cv-05981-LK<br><br>ORDER APPOINTING GUARDIAN AD LITEM |

This matter comes before the Court on the Unopposed Renewed Petition for Appointment of Settlement Guardian ad Litem ("SGAL") filed by Plaintiff Judy Rutzen-Pagni. Dkt. No. 28. For the reasons set forth below, the petition is granted.

## I. BACKGROUND

Ms. Rutzen-Pagni alleges that her family home was wrongfully foreclosed upon, and that she and her minor children suffered damages as a result. *See generally* Dkt. No. 1-2. The parties have reached a confidential settlement in this matter and request that the Court appoint an SGAL pursuant to Local Civil Rule 17(c). Dkt. No. 28 at 2. The Court denied Ms. Rutzen-Pagni's first

such motion, Dkt. No. 26, without prejudice and ordered that "any renewed petition must include information detailing, at a minimum, the proposed guardian ad litem's background and qualifications, her prior experience serving as or training to be a guardian ad litem, her hourly rate, whether she had any contact with a party to the proceeding prior to being contacted to serve as a guardian ad litem, whether she has any apparent conflict of interest, and any criminal or disciplinary history from the last 10 years." Dkt. No. 27. The Court also ordered that "[a]ny renewed petition must also address whether the minors already have an appointed guardian who meets the requirements of Federal Rule of Civil Procedure 17 and Local Civil Rule 17(c), and whether any conflict is presented by appointing the same proposed settlement guardian ad litem for both minor plaintiffs, who may have conflicting interests in the 'clothing, books, toys, and other possessions' for which they seek compensation." *Id.* (quoting Dkt. No. 1-2 at 45). Ms. Rutzen-Pagni subsequently filed this renewed motion, Dkt. No. 28, alongside her declaration, Dkt. No. 29, and the Declaration of Beth Lambert, the proposed SGAL, Dkt. No. 30.

## II. DISCUSSION

"The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Under Rule 17, district courts have a "special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).

Local Civil Rule 17(c) requires that the court appoint an independent guardian ad litem who is an attorney-at-law in any case involving court approval of a settlement involving the claim of a minor or incompetent. The guardian ad litem is obligated to "investigate the adequacy of the offered settlement and report thereon." LCR 17(c). The court may, however, dispense with the appointment of the guardian ad litem "if a general guardian has been previously appointed for such minor or incompetent, or if the court affirmatively finds that the minor or incompetent is

represented by independent counsel." *Id.* The district court may remove the guardian ad litem at any time. *Hull by Hull v. United States*, 53 F.3d 1125, 1127 n.1 (10th Cir. 1995) (noting that parties seeking to challenge the decisions of a guardian ad litem have a remedy of applying to the court "to have the guardian ad litem removed or to have another guardian ad litem appointed").

Plaintiffs request the appointment of Beth D. Lambert as SGAL for minors A.A.P. and A.F.P. Dkt. No. 28 at 1–2. Having reviewed the petition and supporting declarations, Dkt. Nos. 28–30, the Court finds that A.A.P. and A.F.P. do not currently have a guardian who meets the requirements of Federal Rule of Civil Procedure 17 and Local Civil Rule 17(c), Dkt. No. 29 at 2, Ms. Lambert does not currently have a conflict and will report to the Court if one arises that "she cannot navigate neutrally," *id.*; Dkt. No. 30 at 3, and that appointing a settlement guardian ad litem is in the minors' best interests. The Court further finds that Ms. Lambert has the appropriate expertise and background to serve as SGAL for A.A.P. and A.F.P. *See* Dkt. Nos. 28, 30; *see also M.C.S. v. Seattle Sch. Dist. No. 1*, No. 2:21-CV-00619-LK, 2022 WL 508824, at *2 (W.D. Wash. Jan. 20, 2022).

## III. CONCLUSION

The Unopposed Petition for Appointment of Settlement Guardian ad Litem is GRANTED. Dkt. No. 28. The Court further ORDERS as follows as set forth in Plaintiff's proposed order, Dkt. No. 28-1[1]:

A. Settlement Guardian ad Litem. Beth D. Lambert is a person found or known by the court to be a suitable, disinterested person having the requisite knowledge, training, and expertise to perform the duties described in Wash. Rev. Code § 11.88.090, and is hereby appointed to represent the interests of the minor children, A.A.P. and A.F.P. Contact information for the SGAL is:

Beth D. Lambert
Brothers Henderson Durkin, P.S
936 N. 34th St., Ste. 200

[1] The Court has removed references to the inapplicable state law.

Seattle, WA 98103
Email: *bethd@bhdlaw.com*

**IMPORTANT MESSAGE FOR THE SETTLEMENT GUARDIAN AD LITEM:**

B. Duties. The Settlement Guardian ad Litem shall have the following duties:

1. To investigate and evaluate the adequacy of the offered settlement in light of the needs and best interests of the minors.

2. To review written or oral reports from the attorneys, guardians, and medical providers necessary to permit a complete report.

3. To provide the court with a confidential written report to be filed under seal, which shall include a description, **in depth appropriate to the magnitude of injuries and the amount offered**, of the following information, as a minimum:

a) Summary: State the amount of the settlement being recommended and how the net proceeds will be distributed. List the name and address of each parent of the minors and another relative. This information will be used in the event the court needs to contact the minor upon turning age 18 or if the court needs to contact the parent for a missing report, if required.

b) Appointment of Settlement Guardian ad Litem: State your name, date of appointment, and the date that you started working on this matter. Give a brief statement of your experience and qualifications as they pertain to serving as a Settlement Guardian ad Litem, or attach a Curriculum Vitae with this information. Describe your relationship, if any, with involved parents, guardians, insurers, or attorneys.

c) Investigation: Describe the investigation you conducted, the persons interviewed, and the documents you reviewed.

d) Description of Incident and Cause of Action: Describe the incident and the affected person's legal claims.

e) Injuries: Describe the injuries, diagnosis, course of treatment, and prognosis for future disability.

f) Damages: Describe the special and general damages that are potentially recoverable.

g) Insurance & Assets Available to Satisfy Claim: State the nature and extent of all insurance coverage or assets available to satisfy the claim, whether maintained through the defendant, the family, or available through government entitlements.

h) Liens and Subrogation: Identify all liens, subrogation, and reimbursement claims. Make a recommendation regarding how those claims are to be resolved, including a recommendation regarding retention in any attorney's trust account of the full amount claimed until the final resolution of the claim.

i) Other Claims: Identify all other claims arising out of the same occurrence. State whether another family member has a claim arising out of the same occurrence, and whether any family member is or could be a plaintiff or defendant in any action based upon the minors' claim or the occurrence from which it arose.

j) Apportionment: Indicate the amount, basis, and justification for allocating the gross settlement to be paid among the various claimants of the same family or unrelated claimants, if any. State whether the minors were independently represented at the time the proposed apportionment was determined.

k) Proposed Settlement: Discuss and evaluate the reasonableness of the proposed settlement amount, stating the basis for your valuation of the claim. Also discuss the form the settlement might take (e.g. blocked account, guardianship, structured settlement, or trust) and the proposed settlement documents.

l) Expenses and Fees: Discuss and evaluate the reasonableness of the attorney's fees requested, costs to be reimbursed, and any other deductions from the proceeds of the claim.

m) Disposition of Net Proceeds: Set forth your calculation of the net proceeds of the claim. Begin with the proposed offer and subtract attorney's fees and costs, liens and subrogation reimbursements, and settlement guardian ad litem fees. Give your reasons and recommendations regarding as to how the funds should be placed. If a legal guardianship is required, state the nominee and the terms that you recommend. If you recommend a structured settlement, state why that option is preferred; the specific payout schedule recommended and how it relates to the specific needs of the minor; and a statement which includes the cost of the structured portion, the interest rate received, the name and financial rating of the company providing the annuity. If you or any party recommend the creation of a trust as recipient of the settlement funds, give your recommendation as to the special needs of the incapacitated person and how they would be served by having a trust; specific provisions that ought to be included or omitted from the trust; and your nomination of a professional to draft the trust, and a recommended fee therefore.

n) Settlement Guardian ad Litem Fees: Attach a declaration of your time and services, giving your professional rate and the amounts sought. Indicate who you recommend pay these fees and costs.

o) Presence at Hearing: State whether the minors or the Settlement Guardian ad Litem, or which other person(s) should be present at any hearing to approve the settlement.

p) Settlement Approval Sought in Other Jurisdiction: State whether the settlement has been submitted for approval in any other court or jurisdiction.

q) Conclusion: Give your recommendation as to the adequacy of the proposed settlement, and the steps to be followed if you recommend that the settlement not be approved.

The Settlement Guardian ad Litem shall file a report with the court within forty-five (45) days after appointment and shall provide a copy to each party, or to their counsel, if they are represented.

4. To accomplish all other duties specifically required under any order of the court filed herein.

E. The parties have agreed to pay the cost of bringing this proceeding and the Settlement Guardian ad Litem's fee as described in a confidential settlement agreement.

G. The Settlement Guardian ad Litem shall not employ or retain counsel or experts to assist in these duties except as authorized in advance by the court and shall promptly advise the court if others have retained such a person without court authorization, including but not limited to the retention of counsel to initiate litigation or draft a trust.

H. The Settlement Guardian ad Litem may seek instruction from the court upon application and notice to all parties. If records or portions of the report contain confidential information that may adversely affect the settlement or trial of the claim, the Settlement Guardian ad Litem shall seek direction from the court.

I. Counsel or the party requesting this appointment is directed to provide a copy of this order to the Settlement Guardian Ad Litem.

J. Attendance at Hearings. The presence of the Settlement Guardian ad Litem is required unless waived by the Court in advance of any hearing for good cause shown.

K. Amount of Proposed Settlement: Terms of settlement are confidential and will be provided in the Settlement Guardian ad Litem report, to be filed under seal.

Dated this 24th day of July, 2026.

Lauren King

Lauren King
United States District Judge